EXECUTORS AND ADMINISTRATORS (§ 111*)—CONTEST OF WILL—ALLOWANCE TO EXECUTOR.

> The executor named in an instrument that has been admitted to probate as a last will may be allowed his costs and expenses actually expended in an unsuccessful contest of the probate of a later will.

> [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 448-462; Dec. Dig. § 111.*]

In the matter of the probate of the will of Mary A. Waldron. Allowance to contestant granted.

M. F. McGoldrick, for proponent.
Joyce & Kavanagh, for contestant.
Myles Purvin, special guardian.

KETCHAM, S. Before the propounded paper came to light a will of earlier date was admitted to probate. In this earlier will the hus-

band of the testatrix was named as executor, and upon its probate letters were issued to him, which he still holds. As such executor, he has contested the later will, without success. He now asks that he be awarded costs, necessary disbursements, and expenses incurred by him in the attempt to sustain the will in which he was named.

It will be the finding of the court that he propounded the earlier will in good faith, and, if necessary, that he has waged the present contest in good faith. By the amendment, in 1911 (Laws 1911, c. 539), of section 2558 of the Code of Civil Procedure, it is provided that, if the unsuccessful contestant "is named as an executor in a paper propounded by him, in good faith, as the last will of the decedent, * * * such person so named as executor may, in the discretion of the surrogate, be awarded costs and all necessary disbursements made by him and all expenses incurred in the attempt to sustain the will." While the profession has supposed that this amendment was provoked by the case of Dodd v. Anderson, 197 N. Y. 466, 90 N. E. 1137, 27 L. R. A. (N. S.) 336, 18 Ann. Cas. 738, and was intended to indemnify the unsuccessful proponent for his outlays made in good faith, such intention, if conceived by the Legislature, has been so obscured that only the most zealous and generous construction will reveal it.

The text of the statute is, however, perfectly adapted to the present case of one who, holding letters under another will, is an unsuccessful contestant of the instrument admitted to probate. The statute only permits the allowance of disbursements "made" and expenses "incurred," and the decree will be held until proof is made of the sums actually paid.

Decreed accordingly.